EMILIO M. GARZA, Circuit Judge,
concurring in part, and dissenting in part:
I concur in the above opinion with the exception of Part II.B. In my view, the district court applied the wrong legal standard and abused its discretion in refusing to adjust the lodestar for LP & L’s limited success. The district court stated that “recovery of the[] reasonable attorney’s fees must be sustained regardless of the amount of damages awarded,” and explained that cases such as Farrar v. Hobby, — U.S. —, —, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) (calling the degree of success the most crucial element in determining the amount of a reasonable fee), and Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (“A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.”), did not apply to mandatory fee statutes.[1] Accordingly, the district court did not even consider the magnitude of LP & L’s success.[2] The Supreme Court explicitly has dictated other *338 wise: Farrar and Hensley apply to all cases.[3] Because the district court failed to apply the correct legal standard, I would reverse. Moreover, in my view, a recovery of less than five percent of the damages requested and against only five of twelve defendants.warrants some reduction of fees. For these reasons, I would hold that the district court abused its discretion in refusing to reduce the lodestar, and either remand to the district court to apply the proper standard and to determine what percentage reduction, if any, is warranted by the record’s demonstration of LP & L’s limited success, or, alternatively, reduce the lodestar by an additional twenty percent. Because the per curiam opinion affirms the district court’s ruling on this point, I respectfully dissent.

. See supra, per curiam opinion, text accompanying note 21.

. The majority finds this statement "puzzling” and suggests that the district court did consider the magnitude of LP & L’s success. The district court, however, only "considered” LP & L's limited success as a threshold question, that is, whether a mandatory fee statute permits any consideration of limited success. Because the district court answered this question “no,” it never reached the question of whether to “act on [the limited success].” It is the failure to reach this secondary question which I challenge and to which I refer here.

. See supra, per curiam opinion, text accompanying notes 22-23, explaining that the district court's ruling confuses the right to recover fees with the determination of the amount of that fee, and that a finding of significant result alone does not satisfy the district court's duty to evaluate the magnitude of that result. As in Hensley, the district court's finding that LP & L’s success was significant "does not answer the question of what is 'reasonable' in light of that level of success.” 461 U.S. at 439, 103 S.Ct. at 1942.